**HERRE v. MORRIS et ux.**

No. 15362.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 12, 1952.

A. L. Wardlaw, Mays & Mays and Dave Miller, all of Fort Worth, for appellant.

Clyde & Barnes, of Fort Worth, for appellees.

RENFRO, Justice.

This is a child custody case. The appellant, Lucy May Herre, through habeas corpus proceedings, sought to regain custody of her child, Doris Irene Herre, from appellees, Embry T. Morris and wife. From an adverse judgment she prosecutes this appeal.

 Resolving the contradicted evidence against the appellant, as we must in view of the trial court's judgment, and taking same in connection with the uncontradicted evidence, we find the following to be substantially the facts before the trial court:

Appellant and her husband and the appellees were neighbors and friends in the River Oaks community in Tarrant County. Appellee Morris and appellant's husband were both in the military service. In 1948, appellant's husband was transferred to Phoenix, Arizona. Soon after the transfer, appellant learned that he wanted a divorce and that she was pregnant. She already had two children. She told appellees she wanted them to have the unborn baby, but Mrs. Morris advised her to rejoin her husband in Arizona and seek reconciliation. Acting upon this advice, appellant did go to Arizona and resumed living with her husband. The child involved in this suit was born in August, 1948.

In October, 1949, while en route to visit relatives in California, appellees stopped to visit appellant in Arizona and learned that appellant's husband had filed suit for divorce and was having an affair with another woman. Because of this and family obligations and debts, appellant was emotionally upset. Mrs. Morris suggested various ways in which appellant could secure employment and keep her three children together, but to at least one of the suggestions appellant answered that it would make her too nervous. Appellees then suggested they could take the fourteen months old child Doris and provide a home for her. After discussion between appellant, appellees and appellant's husband, the father of the child, appellant told appellees she was going to let them have the baby and she would never take her away from them. There was some conversation about an allotment of $30 per month which appellant would receive from the father of the child but appellees stated they did not need it if they took the baby. Appellees abandoned their trip to California and returned to Fort Worth, where Mrs. Morris gave up her job in order to devote full time to the child.

In July, 1950, appellant visited appellees and told them at that time she would never take the child away from them and that she could not take the child out of such a home.

In the latter part of February or first of March, 1951, appellant's former husband returned from overseas and proposed that he and appellant remarry. She declined to remarry him but asked him to help get the baby back. Thereupon he called appellees and told them the mother wanted the child back. After that call, appellant called and told them she wanted the child back. They refused to give up the child.

In August, 1951, appellant filed a writ of habeas corpus in the district court of Tarrant County. A hearing was had but no order entered. In February, 1952, appellant filed another writ in the same court. The two writs were consolidated and a hearing had in March. Appellant agrees that on the visit in the summer of 1950 to appellees' home, she had no intention of taking the child from such surroundings.

She testified she never intended to permanently part with the possession of her child but made no contention that she made known such intention to appellees and did not deny the evidence of appellees that on two occasions she told them they could keep the baby and she would never take it back. Her evidence shows that her brother has promised her a job in a grocery store in Georgia and that her brother has agreed to finance her if assistance is needed.

The trial court filed no findings of fact. The judgment entered recites: "And it further appearing to the court that the said Embry T. Morris and Mrs. Embry T. Morris are in all things fit and proper persons to have the full care, custody and control, supervision and education of the said Doris Herre and that it would be to the best interest and welfare of the said minor child that her complete care and custody be awarded to the said Embry T. Morris and Mrs. Embry T. Morris."

Appellant's points of error insist (a) that the mother being a fit and suitable person morally and financially to care for the child, the court abused its discretion in refusing to award it to her; (b) that there being no competent evidence that would authorize the court to take the child from its mother and award it to a stranger, the court abused its discretion; (c) there was no abandonment of the child and no legal transfer of it to such party; and (d) the undisputed evidence showing that appellee Morris was a career soldier and expected to take the child to North Africa, the court abused its discretion in awarding the child to appellees.

The evidence and circumstances justify the implied finding by the trial judge that appellant had voluntarily relinquished her parental control over the child.

In the early case of Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 282, the Supreme Court laid down the following rule: "Ordinarily, the law presumes that the best interest of the child will be subserved by allowing it to remain in the custody of the parents, no matter how poor and humble they may be, though wealth and

worldly advancement may be offered in the home of another. Where, however, a parent, by writing or otherwise, has voluntarily transferred and delivered his minor child into the custody and under the control of another * * * and then seeks to recover possession of the child by writ of habeas corpus, such parent is invoking the exercise of the equitable discretion of the court to disrupt private domestic relations which he has voluntarily brought about, and the court will not grant the relief unless, upon a hearing of all the facts, it is of opinion that the best interest of the child would be promoted thereby." The Commission of Appeals in Davis v. Sears, 35 S.W.2d 99, held that under the common law, as well as the statute law of Texas, the parents have the natural right to the custody and control of their child but the parents' right to the custody of their child is not absolute but is subject to judicial control when the interest of the child demands it and must yield where the real and permanent interest of the child demands a different disposition. The court announced the rule that where a parent has voluntarily relinquished control of the child, the vital ultimate issue before the court for determination is the child's best interest, notwithstanding the qualifications of the natural parents.

In Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111, the parents made substantially the same objection as made by appellant herein, to the effect that there being no evidence as to the mother's moral unfitness or physical or financial inability, the court erred as a matter of law in his judgment awarding custody to another. The court points out this same contention was overruled in the case of Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731, in which case it was said [107 S.W.2d 1112]: "We think the law is well established in this state that in a child custody case the paramount and controlling issue before the court is the question of what is the best interest of the child", and cited many cases.

Dewitt v. Brooks, 143 Tex. 122, 182 S. W.2d 687, by the Supreme Court, also holds that parents may voluntarily relinquish their right to the custody of their child, either by agreement or by abandonment, or by such other neglect or mistreatment as will authorize the intervention of the state for the best protection of the child, and when they do so the state has the right to award the custody of such child to others.

In the instant case no finding was made as to the moral fitness or unfitness of appellant to have the child. We find that in Secrest v. Lewis, Tex.Civ.App., 171 S.W.2d 217, the trial judge specifically found the mother not morally unfit to have the custody of her child but found further that the best interest of the child would require that it be left in the home of the foster parents, the court holding that the fact the mother is the natural guardian of her child does not give her an absolute right to recover its custody and care from one to whom she has given her child but under such circumstances the best interest and welfare of the child is the paramount issue.

The plight of appellant arouses our sympathy. The situation in which she now finds herself is due, however, to her own voluntary act in surrendering to another the custody of her infant.

 The trial judge was the sole judge of the credibility of the witnesses and the weight to be given their testimony and he had the opportunity to observe the parties and weigh their respective qualifications. He has specifically found that it would be to the best interest of the child to allow its custody to remain with the appellees. The discretion lodged in the trial court may not be disturbed by the appellate court unless that discretion is abused. Kell v. Texas Children's Home & Aid Society, Tex.Civ.App., 191 S.W.2d 900; Davis v. Sears, supra.

 After a careful review of the entire record, we cannot say as a matter of law that the trial court has abused his discretion. The paramount issue before the court, under the circumstances, was the best interest of the child and the court has specifically found, on sufficient evidence,

that it would be for the best interest of the child that its custody continue with appellees.

The judgment of the trial court is affirmed.