## ALSO v. OLIVIA.
### No. 9630.

Court of Civil Appeals of Texas. Galveston.
Nov. 5, 1931.

Rehearing Denied Dec. 10, 1931.

Dick Young and J. R. Hill, both of Houston, for appellant.

Scruggs & Grobe, of Houston, for appellee.

GRAVES, J.

Through this appeal appellant protests against the judgment of the court below denying him the custody of his minor daughter, contending mainly that the evidence was insufficient to support the court's action.

The learned trial judge filed these findings of fact and conclusions of law:

"Findings of Fact.

"1. I find that Mary Also is a Negro child of the age of eleven years;

"2. I find that Peter Also is the father of Mary Also;

"3. I find that the mother of Mary Also, the wife of Peter Also, is dead, the date of her death being about the year 1918;

"4. I find that Peter Also has since re-married;

"5. I find that Peter Also is a tenant farmer, residing at the time of the trial in the State of Louisiana, near Lake Charles;

"6. I find that there were two children by the marriage of Peter Also, and his first wife, one a boy of seven years of age, being in the custody of Peter Also, and the other Mary Also, a girl, being in the custody of Amelia Olivia; I find that Amelia Olivia, a woman of about fifty (50) years of age, is the niece of Peter Also, and the cousin of Mary Also, and is a woman of good moral character and of a good reputation in and about the City of Houston, Harris County, Texas, where she resides.

"7. I find that Amelia Olivia and her son-in-law, Lee Angel, are intelligent and rather well-educated negroes and that Amelia Olivia is well able financially to care for the child, Mary Also.

"8. I find that applicant, Peter Also, is a man of shiftless habits and is not financially able to care for the minor, Mary Also.

"9. I find that at the time of the death of the wife of Peter Also, and mother of Mary Also, Mary Also and her brother were in the care and custody of their maternal grandmother; that for several years after the death of the wife of Peter Also, Mary Also and her brother were in the custody and care of the father, Peter Also.

"10. I find that while Peter Also had the care and custody of Mary Also he was not married and that a woman, whose name and whose relationship to Peter Also is not disclosed by the evidence, assisted Peter Also in looking after his minor children; that during the time Mary Also was in the care and custody of Peter Also following his wife's death, Mary Also did not receive proper food, clothing, schooling and care, and was at times so severely mistreated by way of beating and lack of sufficient food and clothing as to endanger her health and well-being.

"11. I find that about the year of 1925 Peter Also voluntarily surrendered to Amelia Olivia the custody of the minor, Mary Also, and that since that time Mary Also has resided in Houston, Texas, with Amelia Olivia, where she has received proper and sufficient schooling, training, food, clothing and care, and during which time Respondent, Amelia Olivia, has become much attached to the child.

"12. I find that the minor, Mary Also, has much affection for Respondent, Amelia Olivia, and prefers to remain in the care and custody of Amelia Olivia, rather than to return to her father.

"My Conclusions of Law.

"1. While the father under the law is ordinarily entitled to the custody of his child, in the event of a failure on the part of the parent from any cause to perform his parental duties, the State has the right to interfere and take from his custody the child, the guiding consideration influencing the Court is the welfare of the child.

"2. Based upon the above findings of fact, and based upon my observation of the parties as they appeared in the court room upon the trial, it is my conclusion that the interests of the minor, Mary Also, having been voluntarily given by the father, Peter Also, to Respondent, Amelia Olivia, should remain in the custody of Respondent, Amelia Olivia, and that the best interests of the child from a standpoint of maintenance and support, education, care and morals, demand that the present status remain undisturbed.

"Ewing Boyd, Judge."

After a careful review of the statement of facts, with special reference to the attack made upon the quoted findings, this court is unable to sustain any part of it, concluding rather that the evidence was amply sufficient to sustain, if indeed it did not compel, each and every one of them; it is further our conclusion that the trial judge very properly stated the rules of law covering such causes. These are so well settled that it is not deemed necessary to here collate and cite authorities so holding.

Finding no error in the record, the judgment will be affirmed.

Affirmed.