Iris Marie **BLAIR**, Appellant,

v.

Ronald M. **BLAIR**, Appellee.

No. 17175.

Court of Civil Appeals of Texas.

Dallas.

Nov. 22, 1968.

Harless R. Benthul, of Sanders & Nolen, Dallas, for appellant.

John J. Fisher, Dallas, Raymond Garfield, Dallas, of counsel, for appellee.

BATEMAN, Justice.

Iris Marie Blair appeals from the judgment denying her application for change of custody of her and the appellee's two minor children. We affirm.

The parties had been husband and wife but were divorced by decree of the Domestic Relations Court of Tarrant County, Texas on January 13, 1967, in which decree custody of the two children was by agreement of the parties awarded to appellee, subject to certain visitation rights of appellant. The two children, Ronald M. Blair, Jr., and Daniel J. Blair, were at the time of the hearing eight and six years of age, respectively. At the time of the divorce the appellant had an emotional involvement concerning which she consulted a psychiatrist and took certain tranquilizing medicine.

Appellant alleged, and attempted to prove, that there had been such a change of conditions, with respect to her mental and emotional situation and the home life she was able to provide for the children and the home life the appellee was giving them, that the best interest of the children would be served by changing the custody from appellee to appellant.

After a full hearing without a jury the court denied the application for change of custody and, at the request of appellant, filed findings of fact and conclusions of law, as follows:

## "FINDINGS OF FACT

1. That at the time of Defendant's divorcing Plaintiff, Plaintiff voluntarily surrendered custody and control of the parties' two minor sons to the Defendant herein, and as reason therefore (sic) she stated she was mentally upset at that time.

2. That Plaintiff admitted on the witness stand that she lied in prior sworn pleadings filed by her as to statements contained therein.

3. That Plaintiff's main contention for change of circumstances is related to the

fact that she is now more mentally stable to rear the parties' two minor children and that she does not now take tranquilizers. That Plaintiff has lived in six different homes in the twelve months immediately preceding the trial of this cause; the fourth and fifth homes being owned by a male friend, Skip Keesler, to whom she purportedly paid cash rental payments.

4. That all other rental payments, other than those to Skip Keesler, were paid by check. That she admitted going to Mexico with the said Skip Keesler and staying at the Ancira Hotel in Monterrey, Mexico.

5. That Plaintiff's mental condition has not appreciably changed since the original order of custody.

6. That the minor children involved herein have adjusted well to the present custody arrangement; that they make excellent grades, are well cared for, and that the present Mrs. Blair, Mary Ann Blair, is a suitable person to share their custody.

7. The Defendant moved from Arlington to Plano to be nearer his place of work at Collins Radio; that the family is now living in a three bedroom mobile home with adequate living facilities.

8. That the Plaintiff is now working and the children would be kept with a baby sitter five days a week while she is at work; on the contrary, Mrs. Blair, Mary Ann Blair, is not employed and is at home at all times to look out for the needs of the minor children.

## CONCLUSIONS OF LAW

1. That there have been changes in the residence, etc., of the parties hereto, but these are in no way sufficient changes of a meterial (sic) nature.

2. That the Plaintiff is not a suitable person, morally or mentally, to have custody of the minor children.

3. That the best interests of the minor children would be served by their remaining in the custody of the father, Ronald M. Blair, the Defendant herein."

Appellant's first point of error is as follows:

"Evidence that the Appellant has regained her emotional stability since the divorce and has established a spacious home with separate rooms for her 7 and 8 year old sons; that the Appellee father has moved his residence to a trailer house and cut dwelling space in half and doubled the number of occupants of that dwelling by marrying a woman with two children; that the minors are subject to divided loyalties between their mother and stepmother; and that the father has limited and denied the mother her visitation rights with her sons, is sufficient to require a change of the custody voluntarily relinquished by the mother while disturbed and without counsel at the time of the divorce."

With respect to her own condition appellant testified:

"I am no longer nervous. I have much more self confidence. I am a much more capable person, perfectly able to care for my children in any way with any problems that might come up."

This was corroborated only by the opinion testimony of Dr. Webster Blocker, Jr., a psychiatrist with whom appellant consulted for one and one-half hours a few days prior to the trial and who testified to his opinion that he found no evidence of "any significance or overt psychiatric illness," and that from a psychiatric standpoint there was no reason that he knew of "that she should not be able to be a competent mother."

Appellant also testified that she was renting a large three bedroom frame house in which each of the boys would have a bedroom of his own, and that the house is less than a block away from an elementary school that the boys would attend. She

testified on cross-examination that this was the last of six different homes she had occupied during the past twelve months. The fourth and fifth of such homes were owned by one Skip Keesler, to whom she paid her rent in cash, although she paid the rent on the other houses by check. She and Keesler had dinner together practically every night and went on a trip to Mexico together. Appellant also testified that she was regularly employed as a hairdresser earning $500 per month before taxes, and that there was available to her a suitable "baby sitter" to look after the children during the period between the time of their return from school in the afternoon until her return home from work.

The day following her divorce from appellee the appellant remarried. She had known her second husband only three weeks, but was extremely lonely and still emotionally upset. They were separated nine weeks later and divorced in July, 1967.

The evidence also shows that after the divorce was granted appellee moved from Arlington to Plano to be near his work. He and his two boys, together with his second wife and her two smaller children by a former marriage, resided in a three bedroom trailer house, the usable floor space of which was approximately half that of the house occupied by him and the boys when appellant agreed that he have custody. Appellee's second wife, Mary Ann Blair, was not employed but stayed at home in the trailer home and looked after the children. There was evidence that the two boys were kept clean, neat and well dressed, although this was disputed by appellant. They attended school regularly, but did not attend church regularly. Mrs. Mary Ann Blair testified that she actively participated in the school and Cub Scout activities of appellee's two boys and that she loved them as much as her own two children.

There was also evidence tending to prove indiscretions on the part of both parties, and of one instance in which the younger child became emotionally upset in school

because of his feeling that he had to make a choice of a mother.

Under our law in such cases much is left to the discretion of the trial judge when there is no jury. He is charged with the duty of looking to the best interest of the child or children under all the circumstances. "With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of parties, no one is in a position to do this better than the trial court." Valentine v. Valentine, 203 S.W.2d 693, 696 (Tex.Civ.App., Amarillo 1947, no writ), quoted with approval in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955).

Even though the plaintiff in such a case is able to prove a change of conditions upon her part the question of whether or not such a change warrants a change of custody is one entirely within the discretion of the trial court, and this court has no power to substitute its judgment for that of the trial court in the absence of an abuse of discretion. Taylor v. Meek, supra. We find no abuse of discretion here and overrule the first point of error.

In her second point of error appellant says: "Evidence of Appellant's conduct and behavior was inadmissible in the absence of pleadings challenging her fitness." It is argued under this point that the trial court erred in permitting the appellee and his sister to testify, in effect, that appellant had admitted having illicit sexual relations with several other men after the divorce of the parties, over her objection that there was no pleading to support same. It is argued that this evidence probably influenced the court in concluding that appellant is not a suitable person to have custody of the minor children. However, in her application for change of custody appellant alleged specifically that it would be in the best interest of the children that they be placed in her permanent custody, and thereby in effect

represented to the court that she was a fit person in every respect to have such custody. Appellee filed a general denial, which put in issue all aspects of appellant's character which reasonably would bear upon her fitness to rear young children. He was not required to plead the specific evidence on which he would rely in contesting appellant's allegations. The second point of error is overruled.

■ By her third point of error appellant asserts that the trial court abused its discretion in failing to recognize "the paramount right of the natural mother to custody of 7 and 8 year old children, in the absence of pleadings and proof of unfitness." We do not agree with appellant. She had no right to custody paramount to the right of the children to have their custody so awarded as to serve their best interests. Such interest is above the right of either parent to have custody. Richardson v. Althoff, 415 S.W.2d 520, 523 (Tex. Civ.App., Dallas 1967, no writ).

■ The award of custody to the father in the divorce decree was *res judicata* in the present suit unless and until appellant pled and proved, not only her own fitness to have custody, but that there had occurred such a material change of conditions as would require a change of custody if the best interests of the children were to be served. Taylor v. Meek, supra, citing Goldsmith v. Salkey, 131 Tex. 139, 112 S. W.2d 165, 116 A.L.R. 1293 (1938). There was no burden on appellee to plead or prove unfitness on her part; it was her burden to show her own fitness as well as the changed conditions. The trial court found on ample evidence that she failed to carry either burden, and we have no authority to disturb the judgment against her. Mumma v. Aguirre, 364 S.W.2d 220, 222 (Tex.1963); Herrera v. Herrera, 409 S.W. 2d 395 (Tex.1966). The third point of error is overruled.

By her fourth point of error appellant asserts that the failure of the trial court to file findings of fact and conclusions of law until the deadline for filing the record in the Court of Civil Appeals requires reversal. We see no merit in this point. Appellant's amended motion for new trial was overruled on April 10, 1968, on which date appellant requested findings of fact and conclusions of law. Under Rule 297, Vernon's Texas Rules of Civil Procedure, the trial court was under a duty to prepare his findings and conclusions thirty days before the time for filing the transcript in this court. Rule 386, T.R.C.P., required the filing of the transcript within sixty days from the order overruling the motion for new trial, or not later than June 9, 1968. Therefore, the trial court should have prepared and filed his findings and conclusions at least thirty days prior to June 9, 1968, or not later than May 10, 1968.

■ However, Rule 297, T.R.C.P., also provides that if the trial court shall have failed to do so, the party demanding the filing of findings and conclusions "shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification." The fifth day after May 20, 1968 was May 25, 1968. However, appellant did not call the omission to the attention of the judge until June 7, 1968. The findings of fact and conclusions of law were filed three days later, or on June 10, 1968.

■ We are of the opinion that by her failure to call the omission to the attention of the judge within five days after the expiration of the thirty-day period following the overruling of the amended motion for new trial she waived the right to complain. Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App., San Antonio 1957, writ dism'd). In any event, there was no motion to strike the findings and conclusions as being untimely filed, and in the absence of any application for extension of time for the filing of the transcript, as permitted

by Rule 386, T.R.C.P., we have considered the trial court's findings of fact and conclusions of law. City of Roma v. Gonzalez, 397 S.W.2d 943 (Tex.Civ.App., San Antonio 1965, writ ref'd n. r. e.). Moreover, there was no showing that the alleged error in any manner prevented the appellant from making a proper presentation of the case to this court. It was therefore harmless. Rule 434, T.R.C.P. We overrule the fourth point of error.

The judgment of the trial court is Affirmed.