**Frances Watters MILLER, Appellant,**

v.

**Earl E. WATTERS, Appellee.**

**No. 11809.**

Court of Civil Appeals of Texas, Austin.

March 31, 1971.

Rehearing Denied April 28, 1971.

Ludlum, Brady & Womack, James Ludlum, Jr., Austin, for appellant.

McClain & Stump, Tim L. Wright, Georgetown, for appellee.

PHILLIPS, Chief Justice.

In May of 1970, Appellee filed his petition for a change of custody of his minor daughter from the Appellant-mother to himself. After a hearing in June of that same year the trial court ordered a change of custody of the minor child from the Appellant to the Appellee-father with whom the child now resides.

We affirm this judgment.

Appellant is before us on four points of error, briefed together, that the court abused its discretion in changing the custody of the child because no evidence exists in the record that a material change of conditions directly and adversely affecting the best interests and welfare of the child occurred between whatever conditions existed on June 22, 1964, the date of the original custody decree awarding the child to Appellant, and the conditions existing on June 11, 1970 the date of the trial in the instant case in which the custody of the child was changed from Appellant to Appellee;

because no evidence exists that a positive improvement would result to the child because of the change; because it is against the great weight and preponderance of the evidence that an improvement would result from the change; because it is against the great weight and preponderance of the evidence that a material change of conditions directly and adversely affecting the best interests and welfare of the child occurred between whatever conditions existed in June of 1964, the date of the original decree awarding custody to the Appellant, and conditions existing in June of 1970, when the court changed the custody as described above.

We overrule these points.

Appellant takes the position that this is a change of custody case, citing Knowles v. Grimes, 437 S.W.2d 816 (Tex.1969), for the proposition that there must be a showing of materially changed conditions since the divorce was granted to authorize a change in custody.

In view of the record before us, whether conditions have materially changed since the divorce (where a consent decree was entered and there was no contest over the placement of the child) or whether they were such that Appellant should never have been awarded custody of the child in the first place comes into the realm of niggling. The principal question before the Court should be whether, under the evidence presented, a change in custody is in the best interest of the child? In *Knowles* we note that the custody proceeding was contested, was held to be *res judicata* and full faith and credit was given this judgment of a sister state. If we must find that the dismal conditions surrounding the child's life with Appellant have "changed" since the divorce in order to affirm the judgment, we so find. It will be noted that many of Appellant's transgressions, set out below, occurred since the divorce in 1964. We hold that the trial court did not abuse its discretion in ordering the change in custody.

A summary of the pertinent evidence is as follows. In March, 1965 Appellant pleaded guilty to a driving while intoxicated charge in Dallas. She pleaded guilty to driving while intoxicated in Waxahachie in April, 1965; she served three days in the Dallas County Jail in connection with the April, 1965 driving while intoxicated; subsequent to the divorce action she paid two fines in Taylor for fighting in the Whitehouse bar; in March of 1969 she paid a fine for being in a state of intoxication in a public place in Austin, Texas; within the last two or three years she was asked to leave a tavern in Round Rock, Texas and not to come back because she was causing trouble, was disturbing the customers, and had had too much to drink. The record indicates that she has lived with four men, two or three of whom she had legally married and one or two others with whom a valid marriage was debatable. There is evidence that at least on one occasion since the divorce Appellant took the child in question to a tavern that featured a "go-go" dancer and allowed the child to do a "go-go" dance in that place. In reading this record there is no escape from the conclusion that Appellant's conduct throughout the last several years has been plain sorry. True, there is evidence that she has not had a drink in the past six months; however, this seems to be due to the fact that her doctor has told her that she has the beginning symptoms of cirrhosis of the liver and that further drinking would kill her. The record also indicates that at the time of this action for change of custody, Appellant was unemployed.

In contrast with Appellant's way of life, Appellee, the child's father, is an automobile broker in Chicago with an annual income in the neighborhood of $25,000. He has remarried, lives in a highrise condominium. There are two schools nearby, one public and one private. There is every indication from the record that both Appellee and his wife are persons of good moral character and that the child would be living in an atmosphere much more conducive to her well-being.

It is not necessary to recite this record further. The right of a parent must yield to the welfare and best interest of the child. Scozzari v. Curtis, 398 S.W.2d 819 (Tex.Civ.App. Fort Worth 1966, no writ). This Court has no authority to reverse the trial court in a case such as this unless that court abused its discretion. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. There is no indication here that it has done so.

The judgment of the trial court is affirmed.