## M. L. Roddy v. Charles White et al.

### Decided May 9, 1903.

**School Land—Right to Purchase Additional Land.**

Under the statute providing that any bona fide owner of and resident on other land than school land within a radius of five miles of school lands may also buy any such school land, but must reside on his other lands or upon a part of the additional school land so purchased, for three continuous years, such additional school land may be purchased by one whose "other land" consists of lots in a town, there being no limitations as to the amount, character or source of title of such other land. Gen. Laws 1897, p. 184; Sayles' Civ. Stats., art. 4218fff.

Appeal from the District Court of Ector. Tried below before Hon. W. R. Smith.

*W. W. Martin,* for appellant.

*Bryan & Whitaker,* for appellees.

SPEER, Associate Justice.—Appellant, who was plaintiff below, complains of the judgment of the court in sustaining a general exception to his petition. He sought to recover from appellees section No. 34, in block No. 42, of the public free school lands in Ector County, which he claimed to be entitled to by virtue of his application to purchase the same as additional lands under the Act of 1897. Whether or not his petition discloses a cause of action depends upon the following paragraph contained therein, to wit: "That on said 6th day of Sep-

tember, 1902, and at the time plaintiff made his said application to purchase said land, he was over 21 years old; was the head of a family; had never prior to the date of said application purchased any public lands from said State; was, at the time of said application, and still is, bona fide actually settled and making his home upon lots Nos. 6 and 7 in block 24 situated in the town of Odessa, Ector County, Texas, which lots were, at the time of said application owned and are still owned by plaintiff, and are a part of section 27 in block 42, township 2 south, surveyed by virtue of land certificate No. 4130 issued to the T. & P. Ry. Co., and are within a radius of five miles of said section No. 34."

Article 4218f, Sayles' Texas Civil Statutes, authorizes any bona fide purchaser of any of the public free school lands to purchase other lands in addition thereto, provided that the total of his purchases shall not exceed four sections, etc.

Article 4218fff is as follows: "Any actual bona fide owner of and resident upon any other lands contiguous to said lands, or within a radius of five miles thereof, may also buy any of the aforesaid lands, but in such a case a failure to reside upon either his other lands or upon a part of the additional lands so purchased by him, so as to make his ownership and occupancy thereof continuous for three years, shall work a forfeiture of such additional lands so bought from the State, unless he shall have sold his land to another who may and does complete a three years continuous ownership and occupancy of and residence upon his said lands as above stated and as is herein required of actual settlers."

It is evident the Legislature intended by this article to authorize persons who owned and occupied lands other than those purchased from the State, to become the owners of additional lands out of the public domain upon a compliance with the statute regulating such sales; and it is equally evident that no limitations as to amount, character or source of title of such "other lands" has been prescribed. Smith v. Rothe, 55 S. W. Rep., 754. We can not read into the article, "provided such other lands be agricultural lands," or "provided such other lands be rural lands," or "provided such other lands be not town lots," for the language is clear and unambiguous. It is not a case for construction. The contention of appellee that the statute contemplates sales of additional lands to the owners and occupants of rural lands only upon the ground that such course fosters the settlement of the western part of the State is not even plausible in the light of the provision requiring such purchaser or his vendee to occupy some part of his lands continuously for three years. Whether the purchaser occupies his additional lands or not is in all cases optional with him. So that it can not be said that the purpose of the statute was to bring about actual settlement of the additional lands. We see no reason for holding that under the statute a farmer or stockman who may own a section of railroad land may purchase additional lands from the State, while a blacksmith or schoolteacher who owns but a town lot may not do so. Each is a citizen and

a landowner and can meet the requirements of the statute, and the only difference is in the quantity of land owned. The interests of the State are as well conserved by a sale to one as to the other.

It follows that we are of opinion the trial court erred in sustaining the exception to appellant's petition, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*