EDITH ATHA TAYLOR ET VIR V. LENTON MEEK

No. A-4853. Decided January 12, 1955.
Rehearing denied April 20, 1955.
(276 S.W. 2d Series 787)

306

*C. C. Harris,* of Greenville, for petitioners.

The Court of Civil Appeals erred in holding that a change of conditions and circumstances had been established as a matter of law which required a change of custody. Dunn v. Jackson, 231 S.W. 351; Robinson v. Wampler, 202 S.W. 2d 500; Son v. McConnell, 228 S.W. 2d 290.

*Martin & Bailey* and *James H. Martin,* all of Dallas, for respondents.

MR. JUSTICE WILSON delivered the opinion of the Court.

This is a suit brought by a father as plaintiff against maternal grandparents as defendants to change the custody of a girl four years old. The mother has remarried and does not seek custody, apparently agreeing to her parents having custody. Prior to this suit the parents of the child were divorced in Dallas County and custody was then awarded to the maternal grandparents who were not parties to that divorce case. That judgment became final. Subsequently, this suit was filed in Dallas County and then moved by plea of privilege to Hunt County. The judgment on the plea of privilege was not appealed.

The trial court submitted this case to a jury which found in answer to Special Issue No. 1 that subsequent to the divorce decree "there had been a material change in the condition of" the father "affecting his suitability to have the care and custody of the minor child." In Special Issue No. 2 the jury found that the "best interest of the child would be best subserved by awarding her care and custody to the plaintiff."

The trial judge then entered a judgment reciting that he was "wholly in disagreement with the jury's verdict" and since he was "not bound thereby" he was making and filing his own findings of fact "based upon the evidence, wholly independent of any such answers and findings of the jury." He then found that the interest and welfare of the minor child would be best

served by "awarding its custody" to the maternal grandparents. The father's motion for judgment was overruled.

The father appealed to the Court of Civil Appeals and secured a reversal and rendition of the trial court's judgment in his favor. 269 S.W. 2d 545, 547. The reasoning of the Court of Civil Appeals is as follows:

(1) "* * * it is the burden of a parent seeking custody of his minor child to show a change of conditions such as would require modification of the prior decree if the best interests of the child are not to be injuriously affected. * * *"

(2) There is a presumption that it is to the best interest of the child for a parent to have custody unless "it is affirmatively demonstrated that the best interests of the child require that the parent be deprived of its custody."

(3) The natural parent need only show "any change of circumstances demonstrative of the parent's improved condition or fitness as a custodian, any change of circumstances demonstrative of the fact that the other person is less well fitted or situated as custodian, or any change of circumstances relating to the existing custody which is injurious to the best interest of the child."

(4) The establishment of any one of these changes of condition "reopens" the case and it is then tried as though there had been no other decree.

(5) Thereupon the burden shifts to the party contesting the natural parent to "demonstrate that the best interests of the child require that the parent be deprived of the custody" which in turn requires a finding that the natural parent is unfit to have custody; and, therefore,

(6) In the case at bar, the facts establishing changed conditions as a matter of law and there being no finding that the father was unfit, the father was entitled to custody as a matter of law.

■ The effect of this holding is that after custody has been adjudicated to someone other than a natural parent, the natural parent need only prove a change of conditions and that he is a fit person. Upon doing so, the natural parent becomes entitled as a matter of law to the custody. We do not believe this statement of the law correctly interprets the reasoning of the following line of cases: Dunn v. Jackson, Texas Com. App., 231 S.W. 351; Duckworth v. Thompson, Texas Com. App. 1931, 37

S.W. 2d 731; Sawyer v. Bezner, Texas Civ. App., 204 S.W. 2d 19, writ of error refused, n.r.e.; Taylor v. Taylor, Texas Civ. App., 1931, 42 S.W. 2d 455, no writ history; Robinson v. Wampler, Texas Civ. App., 1947, 202 S.W. 2d 500, no writ history; Miller v. Banks, Texas Civ. App., 1926, 280 S.W. 301, writ of error dism.; Cecacci v. Martilli, Texas Civ. App., Galveston 1921, 235 S.W. 951, writ of error refused.

Here the trial court filed findings of fact in which he found:

(1) The child had resided in the home of her grandparents for three years and four months, the greater part of her life.

(2) Since the entry of the divorce decree "there has been no material change in the conditions, surroundings and circumstances of said child or in the home of the defendants."

(3) Since the entry of the divorce decree "there has not been a material change in plaintiff's condition such as to warrant a change of custody."

(4) The grandparents, each forty two years of age, had an eight-year-old daughter in their home in addition to the custody of the child at issue at bar.

(5) The child "is well adapted to the home of the defendants" and "is happy and well cared for in all respects."

(6) The father is a single man living with his mother. His work keeps him away from home during a great portion of the daylight hours, and during this time the care of the child would fall to his mother (the child's paternal grandmother).

The question of whether a trial court has abused its discretion is one of law requiring an appraisal of the facts. "The trial court must look, in the light of all the circumstances, to the best interest of the child. With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of parties, no one is in a position to do this better than the trial court." Valentine v. Valentine, Texas Civ. App., 1947, 203 S.W. 2d 693, 696.

It is undisputed that subsequent to the first judgment plaintiff has established a home with his mother, and under Classic v. Burgess, Texas Civ. App., 1953, 258 S.W. 2d 339, no writ history, this proof seems to require as a matter of law a finding of changed conditions upon the part of plaintiff where at the first trial he did not maintain a home. But whether or not such a change warrants a change of custody is a question within the

discretion of the trial court, Son v. McConnell, Texas Civ. App., 1950, 228 S.W. 2d 290, error refused; Wade v. Shaughnessy, Texas Civil App., 1950, 231 S.W. 2d 494, error refused, and we find no abuse of discretion here.

The father's point one in the Court of Civil Appeals attacks the trial court's finding that it was to the child's best interests for her to remain with her grandparents. The point is not well taken unless the law gives the father custody where there is no finding that he is not a fit person, because in this record there is evidence which does support the trial court.

■ ■ The first judgment at the time it was entered was res adjudicata of the question of the child's best interest and of the custody. Goldsmith v. Salkey, 131 Texas 139, 112 S.W. 2d 165, 116 A.L.R. 1293; Wilson v. Elliott, 96 Texas 472, 73 S.W. 946, 75 S.W. 358; Wade v. Shaughnessy, supra. So it cannot now be questioned that at that time it was to the best interest of the child to award custody to the grandparents. In determining the question of the child's best interests, there is this difference between the first award of custody and a change of custody. Because a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Duckworth v. Thompson, supra; Oldham v. Oldham, Texas Civ. App., 1939, 135 S.W. 2d 564, error refused; Miller v. Banks, supra; Cecacci v. Martilli, supra. The paramount right of a natural parent to a child comes from a legal presumption that to be raised by its natural parents is to the child's best interest. This presumption is based upon the natural affection usually flowing from parentage. Clayton v. Kerbey, Texas Civ. App., 1921, 226 S.W. 1117. Although this presumption should be considered by the trial judge in weighing the evidence, it cannot be controlling in the face of a final judgment to the contrary, and, whatever effect such a presumption may have in an original custody action, it cannot control a suit to change custody. In Taylor v. Taylor, supra, the court said:

"The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune."

■ In the case at bar, we hold that in determining the question

of the best interests of the child the trial court did not abuse its discretion. Legate v. Legate, 87 Texas 248, 28 S.W. 281; Davis v. Sears, Texas Com. App., 1931, 35 S.W. 2d 99; Greenlaw v. Dilworth, Texas Com. App., 299 S.W. 875; Castro v. Castellanos, Texas Com. App., 1927, 294 S.W. 525; Neal v. Medcalf, Texas Civ. App., 1951, 244 S.W. 2d 666, no writ of error; Lovelace v. White, Texas Civ. App., 1948, 209 S.W. 2d 422, no writ of error; Sawyer v. Bezner, supra; Lynch v. Wyatt, Texas Civ. App., 1945, 191 S.W. 2d 499, no writ of error; Templeton v. Walker, Texas Civ App., 1944, 179 S.W. 2d 811, error refused; French v. Hux, Texas Civ. App., 1932, 54 S.W. 2d 539.

The plaintiff argues that there was evidence in the record sufficient to justify the trial court in awarding the child to its natural father. We agree, but the trial court did not make such an award, and neither we nor the Court of Civil Appeals has the power to substitute our judgment for that of the trial court in the absence of an abuse of discretion.

Under this record the judgment of the trial court must be affirmed and that of the Court of Civil Appeals reversed. Costs are taxed against the respondent (plaintiff below).

Opinion delivered January 12, 1955.

Associate Justice Griffin dissenting.

Rehearing overruled April 20, 1955.