**Imagene E. NEWSOM, Appellant,**

v.

**W. H. NEWSOM, Jr., Appellee.**

No. 3745.

Court of Civil Appeals of Texas.
Waco.
April 21, 1960.

Thornton & Hosey, Galveston, for appellant.

Simpson & Hagan, Texas City, for appellee.

TIREY, Justice.

This cause involves the change of the custody of two minor children from the mother to that of the father. In a divorce action between the parties the care and custody of the children were awarded to the mother. Plaintiff brought this suit and alleged that there had been a change in the conditions since the Court awarded the custody of the children to the mother and alleged sufficient grounds of such change. The cause was tried without the aid of a jury, and the Court, after hearing the evidence, found in his decree: " * * * that conditions existing at the time of the entry of the decree in Cause Number 81,-134 on September 28, 1953, (that being the date of the divorce decree) have materially changed since the date of said Decree, and it further appearing to the Court that the changed conditions have materially and adversely affected the best interests of said minor children, such as to render it necessary and advisable that the custody and control of the minor children of the parties, * * * Judith Faye Newsom and W. H. Newsom, III, be changed and that the custody and control of said minor children be vested in Plaintiff, W. H. Newsom, Jr. and that the Decree, heretofore entered on September 28, 1953, in Cause Number 81,134, be modified, changing the custody and control of said minor children from defendant, Imagene E. Newsom, to plaintiff, W. H. Newsom, Jr.," and the Court decreed accordingly.

There was no request for findings of fact and conclusions of law and none was filed, save and except the findings of fact and conclusions that appear in the decree entered by the Court.

The judgment is assailed substantially on one point, and that is that the Court erred

in changing the custody of the children from the mother to the father. We have carefully read the statement of facts and we find that the testimony is ample to sustain the findings of the Trial Court as stated in the decree, and we thoroughly approve of the Trial Court's action in this behalf. Our view of the record is that it would serve no useful purpose to discuss the testimony, because it would be of no precedential value. Accordingly, we make no further comment and affirm the judgment of the Trial Court. The rule of law governing the Trial Court in this matter is found in Murphey v. Walker, Tex. Civ.App., 209 S.W.2d 371, n. w. h., and in an opinion by our Supreme Court in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, Points 2, 3 and 10. We think we should say that it is our view that the best interest of the minors required the Trial Court to change the custody from the mother to the father.

Accordingly, the Judgment of the Trial Court is affirmed.