Clifford Russell SPANGLER et al.,
Appellants,

v.

Leland Mearl BREASHEARS et al.,
Appellees.

No. 7408.

Court of Civil Appeals of Texas.

Texarkana.

June 26, 1962.

Rehearing Denied July 24, 1962.

Law Offices of Gordon R. Wellborn, Henderson, for appellants.

Waldrop, Shaw & Colley, William L. Ferguson, Henderson, for appellees.

FANNING, Justice.

Appellants have appealed from a judgment declaring Sandra Kay Spangler, Clifford Darrell Spangler and Cherry Lynn Spangler, minors under 16 years of age, to be dependent and neglected children, which judgment awarded the custody of Sandra Kay Spangler and Clifford Darrell Spangler to appellees Breashears and wife and awarded the custody of Cherry Lynn Spangler to appellees Large and wife. Trial was to a jury upon special issues, with the jury finding in essence as follows: (1) the three named children were dependent children; (2) said children were neglected children; (3) that the Breashears were fit and proper persons to have the care and custody of Sandra Kay and Clifford Darrell Spangler; (4) that the Larges were fit and proper persons to have the care and custody of Cherry Lynn Spangler; (4) that J. C. Spangler and Adell Spangler (the intervening natural grandparents of the minors) were not fit and proper persons to have the care and custody of the said minor children.

The above five issues were the only issues submitted to the jury. No other issues were requested by any party. The trial court in its judgment, stated in part as follows: "That the above named minor children and each of them have been found by the jury to be a dependent and neglected child; and it appearing to the court and the court finding that each of said minor children is a dependent and neglected child as defined by law, and that each of said children does not have proper parental care, particularly as to its physical and moral welfare, and each of said children should be adjudged to be dependent and neglected children; * * *"

Appellants by their points 1, 2 and 3, contend that there is "no evidence" and "insufficient evidence" to support the jury's answer to special issue No. 1, and that the judgment declaring said minor children to be dependent children is "against the great and overwhelming weight of the evidence". By points 4, 5 and 6, appellants contend that there is "no evidence" and "insufficient evidence" to support the jury's answer to special issue No. 2, and that the judgment declaring said minor children to be neglected children is "against the great and overwhelming weight of the evidence". For a comprehensive discussion of the principles of law applicable to the determination of such character of points, see Chief Justice Calvert's article, " 'No Evidence' and 'Insufficient Evidence Points of Error' ", 38 Tex.Law Rev., No. 4, p. 361.

The statement of facts in this case contains 361 pages and we have carefully examined same. Many witnesses testified for each side and controverted each other on many matters.

There was testimony of probative force in the record to the effect that each of the said minor children were dependent and neglected children as defined by law and that each of said children did not have proper parental care from their natural parents as found by the trial court in its judgments.

The parents of the minor children were young parents, they had marital difficulties, there was evidence of probative force in the record that the children (while living with their parents and shortly before the parents delivered them to appellees) were dependent for food to a certain extent upon neighbors, that they were neglected, and ill-kept and lived under unfavorable conditions, as more fully shown by the record. Following the divorce action filed by the young mother, the parties separated and the mother went to Fort Worth where she secured employment and had numerous dates with men other than her husband. At the same time the young father was keeping company with a 13 year old girl. The minor children at said time were being cared for by one of the appellees herein, Mrs. Large. On or about April 24, 1961, the parents of said minor children delivered custody of the minor children to appellees herein and signed written consents to the adoption of said children by the appellees herein. Appellees have had the care and custody of such minor children since they received them. The father of said minors on May 31, 1961, by written instrument, withdrew his consent to the adoption of said minor children and the mother also later withdrew her consent to the adoption of the said children. The parents reconciled their marital difficulties and contested the dependent and neglected child proceeding involved herein. The State of Texas, through the County Attorney of Rusk County, Texas, took part in the proceedings at the request of the trial court and J. C. Spangler and Adell Spangler, grandparents of said minor children, filed an intervention in said cause seeking the custody of said children.

■ It appears that appellants' main attack on the judgment and verdict of the jury is that because the minor children, who were found and adjudged to be dependent and neglected children under Art. 2330, Vernon's Ann.Civ.St., lived in the homes of appellees approximately two months prior to the filing of the proceedings in the instant cause, and were receiving good care and treatment from appellees at the time of filing such petition, and under appellants' contention such children could not therefore at the time of the filing of the petition be dependent and neglected children. We think appellants' contention in this respect is without merit, as there is evidence of probative force to show that the children were abandoned by the parents on or about April 24, 1961, and that both before and after said date the minor children did not have proper parental care *from appellants*. In this connection see Hendrick v. Voss, Tex.Civ. App., 334 S.W.2d 308, and authorities cited therein, wherein it is stated in part as follows:

"We are unable to agree with appellant. As we have pointed out the facts as we have narrated them are taken for the most part from the testimony of appellant herself. She voluntarily surrendered possession of her child to others. Though she later had a right to withdraw her consent for its adoption, and did so, the question of the best interests of the child with regard to its care and custody remained a question for the court to decide, though appellant is the mother of the child. Broome v. Edna Gladney Home, Tex. Civ.App., 295 S.W.2d 266; Herre v. Morris, Tex.Civ.App., 251 S.W.2d 260; Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666; Davis v. Sears, Tex.Com. App., 35 S.W.2d 99; Legate v. Legate, 87 Tex. 248, 28 S.W. 281. This is especially true when, as in this case, others have had the child for some time, and its award to its mother would involve a change in custody. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

"Article 2330, Vernon's Ann.Civ.St., defines a neglected and dependent child as '* * * any child under sixteen years of age * * * who is destitute, homeless or abandoned; or who has not proper parental care or

guardianship.' The undisputed testimony shows that appellant abandoned the child on August 1, 1957. During the following months the child did not have proper parental care *from appellant.*" (Emphasis added.)

We hold that there was evidence of probative force to support the jury's answers to special issues Nos. 1 and 2 and that the evidence was sufficient to support same. Appellants' points 1, 2, 4 and 5, are overruled.

After carefully considering the entire record in this cause in the light of the rules announced in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, it is our view that the judgment of the trial court declaring said minor children to be dependent and neglected children, is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellants' points 3 and 6 are overruled.

By point 8 appellants contend that the judgment of the trial court is void because there were no findings that the natural parents were not fit and proper persons to have the custody of their said minor children. In Taylor v. Meek, 154 Tex. 305, 276 S.W. 2d 787, it was stated in part as follows:

"The father's point one in the Court of Civil Appeals attacks the trial court's finding that it was to the child's best interests for her to remain with her grandparents. The point is not well taken unless the law gives the father custody where there is no finding that he is not a fit person, because in this record there is evidence which does support the trial court.

\*    \*    \*    \*    \*    \*

"The paramount right of a natural parent to a child comes from a legal presumption that to be raised by its natural parents is to the child's best interest. This presumption is based upon the natural affection usually flowing from parentage. Clayton v. Kerbey, Tex.Civ.App., 1921, 226 S.W.

1117. Although this presumption should be considered by the trial judge in weighing the evidence, it cannot be controlling in the face of a final judgment to the contrary, and, whatever effect such a presumption may have in an original custody action, it cannot control a suit to change custody. In Taylor v. Taylor, supra, ([Tex.Civ. App.] 42 S.W.2d [455] 456), the court said:

" 'The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune.'

"In the case at bar, we hold that in determining the question of the best interests of the child the trial court did not abuse its discretion. \* \* \*"

In Rosson v. De Arman, Tex.Civ.App., 323 S.W.2d 75, wr. ref. n. r. e., a dependent and neglected child proceeding, it was stated in part as follows:

"Under the facts of this case, the trial court in awarding custody must consider the best interest and welfare of the child. In addition to Taylor v. Meek, supra, see the following cases cited in that opinion: (Citing numerous authorities.)

\*    \*    \*    \*    \*    \*

"In 31 Tex.Jur., Sec. 15, p. 1292, it is said:

" 'Though there are cases which apparently hold to the contrary, according to the best authorities, the mere fact that a father is a suitable custodian does not entitle him as a matter of right if the welfare of the child demands the award of custody to some other person.' " (Emphasis added.)

■ It is presumed that the trial court in support of its judgment impliedly found

that it would be to the best interests and welfare of the said minor children to have their custody awarded to appellees in the manner stated in the judgment. In the case at bar, we hold that in determining the question of the best interests and welfare of the minor children that the trial court did not abuse its discretion. Appellants' 8th point is overruled.

 We also hold that the trial court did not err in refusing to give the special instruction requested by appellants because under the authorities heretofore cited such requested instruction was not a substantially correct statement of the law. Appellants' 7th point is overruled.

The judgment of the trial court is affirmed.