**Gene W. HIGHTOWER, Appellant,**

v.

**Betty E. NOCEDAL, Appellee.**

**No. 113.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 29, 1968.

E. Leon Phillips, Pasadena, for appellant.

Joe C. Shaffer, Frank Briscoe, Briscoe, Dally & Shaffer, Houston, for appellee.

SAM D. JOHNSON, Justice.

This was a change of custody suit brought by Gene W. Hightower, the father and appellant herein, who was formerly married to Mrs. Betty E. Nocedal, the appellee. The prior marriage was dissolved by a judgment of divorce in which the mother, and appellee herein, was granted custody of the two minor children of such marriage. The instant case was heard by the court without a jury. From the judg-

ment of the trial court denying appellant's application for change of custody, appellant effects appeal to this court.

Appellant brings only one point of error, that the trial court erred in refusing the change of custody as prayed for and its failure to do so was a gross abuse of its discretion and detrimental to the best interest of the minor children.

Appellant and appellee were married almost eleven years and had two children born to them during this marriage. The mother was granted the divorce she prayed for and was awarded custody of the minor children. Appellant was ordered to make payments for child support and did so. Some sixteen months after the divorce decree was entered this change of custody action was initiated.

Subsequent to the divorce, the appellant, a doctor of dental surgery, remarried and has three children residing in his home by his present wife's previous marriage. Appellee likewise remarried a certified public accountant in Monterrey, Mexico, and moved with her minor children to that city and country. The children, who were boys three and five years of age, attend an English speaking school, an English-speaking church, have adequate hospital, medical and educational facilities available. No other children reside in appellee's home and her full attention is directed to her minor children.

Appellant's principal contention on the materially changed conditions required, see Short v. Short, 163 Tex. 287, 354 S.W.2d 933, seems to be involved with the childrens' being moved to Mexico, and living there. Appellant's principal contention on what is in the best interest of the children is that this best interest dictates the children be educated and live in this country rather than Mexico.

■ Appellant established that the mother has remarried a person not a citizen of the United States, has moved to a foreign country, lives in an apartment, has no telephone, that 90% of the television shows in Mexico are in Spanish, and that the children do not speak Spanish. He alleges that the culture, language, laws, economy and opportunities in Mexico are different from that of the United States and that the children will suffer by being denied their "natural heritage." Appellant further alleges the impairment of visitation rights and that the rights of visitation granted to him cannot be enforced. Even if it were concluded that appellant established materially changed conditions, whether or not such change warrants a change of custody is a matter within the discretion of the trial court. Son v. McConnell, Tex.Civ. App., 228 S.W.2d 290, err. ref'd.; Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494, err. ref'd.; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, no writ hist.

■ The judgment of the trial court in a case involving change of custody of minor children will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Silva v. Aranda, Tex.Civ.App., 223 S.W.2d 333, no writ hist. No one was in a better position to * * * observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of parties * * *." than the trial judge. Valentine v. Valentine, Tex.Civ.App., 203 S. W.2d 693, 696, no writ hist.; Taylor v. Meek, supra.

■ It is in situations with such conflicting considerations that the trial judge is accorded a large measure of discretion in denying a change of custody of children for "He has an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibility of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of the claimants can best meet the needs of the child. His judgment should be reversed only when it appears from the record as

a whole that he has abused the discretion entrusted to him." Mumma v. Aguirre, 364 S.W.2d 220, 223 (Tex.Sup.Ct.); Herrera v. Herrera, Tex., 409 S.W.2d 395. We do not find an abuse of such discretion in the instant case.

Where parents are in dispute over custody, " * * * everything else being equal, the custody of a child of tender years should be awarded to its mother in such cases if she be a fit and proper person to have its custody." Bronner v. Bronner, Tex.Civ.App., 267 S.W.2d 577, no writ hist.; Cherry v. Cherry, Tex.Civ.App., 384 S.W.2d 912, no writ hist. " * * * A change should be ordered only when the trial court is convinced that the change is to be a *positive improvement* for the child." Duckworth v. Thompson (Tex.Com.App., 1931), 37 S.W.2d 731; Oldham v. Oldham (Tex.Civ.App.), 135 S.W.2d 564, err. ref.; Ham v. Cavette, 357 S.W.2d 438 (Tex. Civ.App., 1962), err ref., n. r. e.; Taylor v. Meek, supra. The record in the instant case does not establish that a change of custody would result in any "positive improvement" and the trial court did not so find.

The record here indicates that the children involved are of tender years and have been with their mother since birth. The record does not indicate that the present home is unsuitable or that it is unstable in any respect. Appellee's husband is employed and the children are being provided attention, affection and educational opportunities. There is no allegation that the appellee is unfit to have custody of the minor children. There is no allegation that the home maintained by the appellee and her husband is not suitable. The mere showing of residence of the minor children involved in a foreign country is not sufficient to abuse of discretion by the trial court in refusing to order the change of custody prayed for.

There has been no showing that the welfare of the minor children has been ad-

versely affected so as to require a change of custody. We do not find that the trial court has abused its discretion in the custody determination made and the judgment of the trial court is affirmed.