Sandra **WILKERSON**, Appellant,

v.

Kenneth **WILKERSON**, Appellee.

No. 5145.

Court of Civil Appeals of Texas, Waco.

July 27, 1972.

Rehearing Denied Aug. 24, 1972.

Thomas L. Cook, Waco, for appellant.

A. J. Bryan, David F. Farris, Ft. Worth, for appellee.

OPINION

JAMES, Justice.

This is a modification suit concerning child custody and visitation. Appellant

Sandra Wilkerson (hereinafter called "the mother") and Appellee Kenneth Wilkerson (hereinafter called "the father") had been heretofore divorced by judgment of the District Court of Hill County, Texas dated July 7, 1971. The parties had one child, to wit, Paul Wayne Wilkerson, now six years of age. The divorce judgment awarded principal custody of the child to the mother with visitation rights to the father, with the following restrictive provision on the residence of the child:

"—that the petitioner (mother) is restrained from permanently removing the minor child, Paul Wayne Wilkerson, from Hill County, Texas, except by further order of the court after due notice to respondent (father), and in no event shall petitioner remove said child from Hill County, Texas, for any period of time of more than two (2) weeks."

This divorce judgment was not shown to have been appealed from, and was a final, subsisting judgment at the time the instant litigation was commenced; moreover, it was res judicata of the best interests of the child at the time of its entry. Bukovich v. Bukovich (Sup.Ct.1966) 399 S.W.2d 528; Taylor v. Meek (1955), 154 Tex. 305, 276 S.W.2d 787.

The father instituted the instant litigation by filing a petition alleging in effect that the provisions of the divorce judgment for his child visitations did not fit his present work schedules and prayed that the divorce judgment be modified to adapt to his present working days, and in addition thereto alleged that the mother had physically exhausted the child by making unnecessary trips to Dallas, and that she had arbitrarily denied him his visitation rights.

The mother filed an answer, setting up a general denial and a request that the court remove the above-quoted restriction from the divorce judgment, to the end that she might remove the child's residence to any place in the State of Texas. She alleged

that the trial court would abuse its discretion by continuing the restriction in effect, and that the restriction drastically affects her freedom as custodian of the child to do what is best for the child; and that it materially restricts her right to change her own place of residence and deprives her of her liberty, since she would not move her residence without her child.

The case was tried before the court without a jury. The trial court entered judgment modifying the father's visitations by specifying his visitation times and dates, and denied the mother's request to remove the restrictions on the child's residence. In other words, the trial court left in effect the above-quoted restrictions on the child's residence as provided in the original divorce judgment, restricting the child's permanent residence to Hill County, Texas.

The mother appeals on four points of error, which in effect contend that the trial court abused his discretion in refusing to delete the restrictive provision. We overrule these contentions and affirm the trial court's judgment.

The original divorce judgment is not in the record, nor is there any testimony in the record showing what the conditions were at the time the divorce judgment was entered in July, 1971. Since the district judge who tried the divorce case is the same one who tried the instant modification suit, we may reasonably assume that he had some familiarity with the parties and with the conditions as shown not only by this record before us but also those conditions existing at the time of the divorce judgment and prior thereto. Likewise we must assume that the trial court had good reasons for placing the above-quoted restrictions in the divorce judgment, at the time he entered same, since that judgment was not appealed from and was a final divorce judgment.

In order for this court to reverse the action of the trial court in the case at

bar as regards the restrictive provisions, it would be necessary for us to find that the trial court abused his discretion in refusing to remove the restrictive provisions. This we are unable to do. It is well-settled that the trial court has the power in a case involving child custody to restrict the residence of the child to a named county. Ex Parte Rhodes (1961), 163 Tex. 31, 352 S. W.2d 249.

Therefore, since the trial court had the power to impose the restrictions originally in the divorce judgment, and since he presumably had good reasons for doing so at that time, we now come to the question of whether the record before us shows that the trial court abused his discretion by refusing to remove the restrictions in the modification judgment appealed from. The question of whether a trial court has abused his discretion is one of law requiring an appraisal of the facts. The trial court must look, in the light of all the circumstances, to the best interests of the child. With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of the parties, no one is in a position to do this better than the trial court. Taylor v. Meek (1955), 154 Tex. 305, 276 S.W.2d 787.

In the case at bar, the record before us shows that the mother works at a Medical Center in Hillsboro, Texas, for a salary of $330.00 per month. She and the child share a house with a Mrs. Smallwood. The mother and child have a bedroom, and share the kitchen, living room, dining room, and bathroom with Mrs. Smallwood. The mother pays $35.00 per month plus utilities for this place, and pays a babysitter about $50.00 per month to keep the child plus $16.00 per month kindergarten expense. The child has to be quiet at night because Mrs. Smallwood goes to bed about 7:30 P.M.

The mother testified she had checked with an employment agency in Dallas, Texas, about a job and that they think they can place her, with her experience, in a job paying $400.00 to $500.00 per month. However she has no firm job offer in Dallas. She contends by taking such a job in Dallas that she could get a place where the child could have a room of his own; that she could get the child a better kindergarten and school in Garland, Texas (in Dallas County), as well as a more suitable church. She says she would not leave Hill County without taking the child with her. She says the child has friends in Dallas.

The record further shows that at the time the original divorce case was tried, the mother agreed to the court that she would give up her friendship with a woman named Jo Ann Edgar. The record does not show who this Jo Ann Edgar was or what bearing this friendship would have on the welfare or custody of the child. However, the record does show that Jo Ann Edgar lives in Dallas, Texas, and that this mother had made thirty-two trips to Dallas, Texas, from Hillsboro, Texas, over a period of a little over sixty days' time, to Jo Ann Edgar's home, taking the child with her on many of these trips. The father testified that the child was often physically exhausted when he had the child on visitations, and that the child hated to travel in a car.

■ In the instant case, the burden of proof is on the mother to show the trial court abused his discretion in refusing to remove this restriction, in order to secure the reversal she seeks. Under the record before us, we cannot find that the trial court abused his discretion. The mother did not ask the court to modify the order to simply enlarge the restrictions to include Dallas County, Texas, along with Hill County, Texas. She requested the court to remove the restriction so that she could move the child's residence anywhere in the State of Texas. The trial court in the exercise of judicial discretion might well

have concluded such a disposition to be much too broad to serve the child's best interests.

No findings of fact or conclusions of law were requested by appellant or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. Renfro Drug Co. v. Lewis (1950) 149 Tex. 507, 235 S. W.2d 609.

We accordingly affirm the trial court's judgment.

Affirmed.