COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-113-CV

 

 

IN
THE INTEREST OF C.D.W.,

A
MINOR CHILD

 

                                                       ------------

 

                FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

This
is a child custody case.  In one issue,
appellant Mary, the biological mother of Cassandra,[2]
argues that the trial court erred by failing to Agive
proper weight@ to
the parental presumption codified in family code section 153.131(a) when it
ordered that Cassandra=s paternal grandparents be
designated joint managing conservators with the exclusive right to designate
her primary residence.  We will affirm.








Cassandra=s
alleged biological father, Frank, filed an original suit affecting the
parent-child relationship in October 2003. 
At that time, Cassandra was roughly six months old.  After numerous continuances and attempts at
mediation, the trial court issued an order in May 2005 adjudicating Frank as
Cassandra=s
father and appointing Frank and Mary as joint managing conservators.  The trial court also ordered that Frank have
the exclusive right to designate Cassandra=s
primary residence without regard to geographic location.








From
the date of that order until February 2007, Cassandra lived with Frank and his
parents.  At that time, and because of a Afalling
out@
between Frank and the grandparents, Frank moved out of his parents=
house, taking Cassandra with him. 
Meanwhile, in October 2006, Mary had filed a petition requesting that
she be appointed as conservator with the exclusive right to designate Cassandra=s
primary residence.  After Frank moved
out, Cassandra=s
paternal grandparents filed a petition to intervene in March 2007, seeking to
be designated sole managing conservators of Cassandra.  In their petition, the grandparents claimed
that both Frank and Mary were detrimental to Cassandra=s
physical and emotional development. 
After a series of hearings, in January 2009, the trial court designated
Cassandra=s
paternal grandparents joint managing conservators with the exclusive right to
designate Cassandra=s primary residence as well
as the exclusive right to make her medical decisions. The trial court also
ordered the grandparents to provide Cassandra with health care.  Additionally, the trial court designated
Frank and Mary as joint managing conservators and further ordered that both
were to pay child support. Furthermore, the trial court issued a modified
standard possession order whereby Mary is allowed possession of Cassandra on
weekends, certain week nights, and specific holidays.  This appeal followed.

In
her sole issue, Mary argues that the trial court abused its discretion by Afailing
to give proper weight to the >parental
presumption=
found@ in
the family code when it designated Cassandra=s
paternal grandparents as joint managing conservators with the exclusive right
to designate her primary residence.  Tex.
Fam. Code Ann. ' 153.131(a) (Vernon
2008).  We disagree.

We
review a trial court=s order modifying
conservatorship under an abuse of discretion standard.  In re T.D.C., 91 S.W.3d 865, 872 (Tex.
App.CFort
Worth 2002, pet. denied); see Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982).  The trial court abuses
its discretion if it acts arbitrarily and unreasonably or without reference to
any guiding principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).








The
presumption that the best interest of the child is served by awarding custody
to the parent is deeply embedded in Texas law.  See Lewelling v. Lewelling, 796 S.W.2d
164, 166 (Tex. 1990) (citing Mumma v. Aguirre, 364 S.W.2d 220, 221 (Tex.
1963) and Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 282 (1894)).  The parental presumption is based upon the
natural affection usually flowing between parent and child.  See Taylor v. Meek, 154 Tex. 305, 276
S.W.2d 787, 790 (1955).  The Texas
Legislature codified this presumption in Chapter 153 of the family code, which
governs original custody determinations:

[U]nless
the court finds that appointment of the parent or parents would not be in the
best interest of the child because the appointment would significantly impair
the child=s physical health or
emotional development, a parent shall be appointed sole managing conservator or
both parents shall be appointed as joint managing conservators of the child.

 

Tex. Fam. Code ' 153.131(a).

Thus,
under Chapter 153, a nonparent seeking custody can rebut the parental
presumption by showing that the appointment of the parent would significantly
impair the child=s health or
development.  See In re V.L.K., 24
S.W.3d 338, 341 (Tex. 2000); see also Brook v. Brook, 881 S.W.2d 297,
298 (Tex. 1994).  Chapter 153 also
provides that the parental presumption is rebutted if the parent has Avoluntarily
relinquished actual care, control, and possession of the child to a nonparent@ for
one year or more and the appointment of a nonparent as managing conservator is
in the best interest of the child.  Tex. Fam.
Code ' 153.373
(Vernon 2008).  A court=s
primary consideration in any conservatorship case Ashall
always be the best interest of the child.@  Id. ' 153.002.

After
a court makes an original custody determination, a party may move to modify
that determination.  See id.
' 156.002
(Vernon Supp. 2009). Section 156.101 provides the grounds for modifying
conservatorship:








(a) The
court may modify an order that provides for the appointment of a conservator of
a child, that provides the terms and conditions of conservatorship, or that
provides for the possession of or access to a child if modification would be in
the best interest of the child and:

 

(1) the
circumstances of the child, a conservator, or other party affected by the order
have materially and substantially changed since the earlier of: 

 

(A) the
date of the rendition of the order; or

 

(B) the
date of the signing of a mediated or collaborative law settlement agreement on
which the order is based;

 

(2) the
child is at least 12 years of age and has expressed to the court in chambers as
provided by Section 153.009 the name of the person who is the child=s preference to have
the exclusive right to designate the primary residence of the child; or

 

(3) the
conservator who has the exclusive right to designate the primary residence of
the child has voluntarily relinquished the primary care and possession of the
child to another person for at least six months.

 

Id. ' 156.101(a).








Our
supreme court has noted that Chapter 153 and Chapter 156 are distinct statutory
schemes that involve different issues.  In
re V.L.K., 24 S.W.3d at 343.  And the
standard and burden of proof are different in original and modification
suits.  Compare Tex. Fam. Code ' 153.134
with Tex. Fam. Code ' 156.101.  A parent has the benefit of the parental
presumption in an original proceeding, and the nonparent seeking
conservatorship has a higher burden.  See
In re V.L.K., 24 S.W.3d at 343; see also Tex. Fam. Code ' 153.131
(Vernon 2008).  But a parent does not
have the benefit of the parental presumption in a modification proceeding, nor
does the nonparent have as high a burden. 
See V.L.K., 24 S.W.3d at 343; see also In re M.N.G., 113
S.W.3d 27, 35 (Tex. App.CFort Worth 2003, no pet.)
(rejecting argument that when modification proceedings pit parent against
nonparent, the parental presumption applies).

In
the modification context, the State has a compelling interest in protecting the
child=s
need for stability and in preventing constant litigation in child custody
cases.  In re M.N.G., 113 S.W.3d
at 36; Hogge v. Kimbrow, 631 S.W.2d 603, 604B05
(Tex. App.CBeaumont
1982, no writ).  Because a change in
custody usually disrupts the child=s
living arrangements and the channels of a child=s
affection, and in effect alters the entire tenor of the child=s
life, a change should be ordered only when the trial court is convinced that a
change is to be a positive improvement for the child. V.L.K., 24 S.W.3d
at 343; Taylor, 276 S.W.2d at 790.

With
this statutory structure in mind, we conclude and hold that the trial court did
not abuse its discretion by not applying the parental presumption in this
modification suit.  Simply put, the
parental presumption does not apply. See In re M.N.G., 113 S.W.3d
at 36.  Thus, we overrule Mary=s
sole issue and affirm the trial court=s
judgment.

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

 

DELIVERED:  April 15, 2010











[1]See Tex. R. App. P. 47.4.





[2]Pursuant to Texas
Rule of Appellate Procedure 9.8(b)(2), we are using aliases for the names of the
child and the parents involved in this case.