

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-113-CV

IN THE INTEREST OF C.D.W.,
A MINOR CHILD

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is a child custody case. In one issue, appellant Mary, the biological mother of Cassandra,[2] argues that the trial court erred by failing to "give proper weight" to the parental presumption codified in family code section 153.131(a) when it ordered that Cassandra's paternal grandparents be designated joint managing conservators with the exclusive right to designate her primary residence. We will affirm.

------------

[1] See Tex. R. App. P. 47.4.

[2] Pursuant to Texas Rule of Appellate Procedure 9.8(b)(2), we are using aliases for the names of the child and the parents involved in this case.

Cassandra's alleged biological father, Frank, filed an original suit affecting the parent-child relationship in October 2003. At that time, Cassandra was roughly six months old. After numerous continuances and attempts at mediation, the trial court issued an order in May 2005 adjudicating Frank as Cassandra's father and appointing Frank and Mary as joint managing conservators. The trial court also ordered that Frank have the exclusive right to designate Cassandra's primary residence without regard to geographic location.

From the date of that order until February 2007, Cassandra lived with Frank and his parents. At that time, and because of a "falling out" between Frank and the grandparents, Frank moved out of his parents' house, taking Cassandra with him. Meanwhile, in October 2006, Mary had filed a petition requesting that she be appointed as conservator with the exclusive right to designate Cassandra's primary residence. After Frank moved out, Cassandra's paternal grandparents filed a petition to intervene in March 2007, seeking to be designated sole managing conservators of Cassandra. In their petition, the grandparents claimed that both Frank and Mary were detrimental to Cassandra's physical and emotional development. After a series of hearings, in January 2009, the trial court designated Cassandra's paternal grandparents joint managing conservators with the exclusive right to designate Cassandra's primary residence as well as the exclusive right to make her medical decisions. The trial court also ordered the grandparents to provide Cassandra with health care. Additionally, the trial court designated Frank and Mary

2

as joint managing conservators and further ordered that both were to pay child support. Furthermore, the trial court issued a modified standard possession order whereby Mary is allowed possession of Cassandra on weekends, certain week nights, and specific holidays.  This appeal followed.

In her sole issue, Mary argues that the trial court abused its discretion by "failing to give proper weight to the 'parental presumption' found" in the family code when it designated Cassandra's paternal grandparents as joint managing conservators with the exclusive right to designate her primary residence.  Tex. Fam. Code Ann. § 153.131(a) (Vernon 2008).  We disagree.

We review a trial court's order modifying conservatorship under an abuse of discretion standard.  *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied); *see Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).  The trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to any guiding principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

The presumption that the best interest of the child is served by awarding custody to the parent is deeply embedded in Texas law.  *See Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex. 1990) (citing *Mumma v. Aguirre*, 364 S.W.2d 220, 221 (Tex. 1963) and *Legate v. Legate*, 87 Tex. 248, 28 S.W. 281, 282 (1894)).  The parental presumption is based upon the natural affection usually flowing between parent and child.  *See Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787, 790 (1955).

3

The Texas Legislature codified this presumption in Chapter 153 of the family code, which governs original custody determinations:

> [U]nless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

Tex. Fam. Code § 153.131(a).

Thus, under Chapter 153, a nonparent seeking custody can rebut the parental presumption by showing that the appointment of the parent would significantly impair the child's health or development. *See In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000); *see also Brook v. Brook*, 881 S.W.2d 297, 298 (Tex. 1994). Chapter 153 also provides that the parental presumption is rebutted if the parent has "voluntarily relinquished actual care, control, and possession of the child to a nonparent" for one year or more and the appointment of a nonparent as managing conservator is in the best interest of the child. Tex. Fam. Code § 153.373 (Vernon 2008). A court's primary consideration in any conservatorship case "shall always be the best interest of the child." *Id.* § 153.002.

After a court makes an original custody determination, a party may move to modify that determination. *See id.* § 156.002 (Vernon Supp. 2009). Section 156.101 provides the grounds for modifying conservatorship:

> (a) The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of

4

conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:

> (1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:

>> (A) the date of the rendition of the order; or

>> (B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based;

> (2) the child is at least 12 years of age and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child; or

> (3) the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.

*Id.* § 156.101(a).

Our supreme court has noted that Chapter 153 and Chapter 156 are distinct statutory schemes that involve different issues. *In re V.L.K.*, 24 S.W.3d at 343. And the standard and burden of proof are different in original and modification suits. *Compare* Tex. Fam. Code § 153.134 *with* Tex. Fam. Code § 156.101. A parent has the benefit of the parental presumption in an original proceeding, and the nonparent seeking conservatorship has a higher burden. *See In re V.L.K.*, 24 S.W.3d at 343; *see also* Tex. Fam. Code § 153.131 (Vernon 2008). But a parent does not have the benefit of the parental presumption in a modification proceeding, nor does the nonparent have as high a burden. *See V.L.K.*, 24 S.W.3d at 343; *see also In re*

5

*M.N.G.*, 113 S.W.3d 27, 35 (Tex. App.—Fort Worth 2003, no pet.) (rejecting argument that when modification proceedings pit parent against nonparent, the parental presumption applies).

In the modification context, the State has a compelling interest in protecting the child's need for stability and in preventing constant litigation in child custody cases. *In re M.N.G.*, 113 S.W.3d at 36; *Hogge v. Kimbrow*, 631 S.W.2d 603, 604–05 (Tex. App.—Beaumont 1982, no writ). Because a change in custody usually disrupts the child's living arrangements and the channels of a child's affection, and in effect alters the entire tenor of the child's life, a change should be ordered only when the trial court is convinced that a change is to be a positive improvement for the child. *V.L.K.*, 24 S.W.3d at 343; *Taylor*, 276 S.W.2d at 790.

With this statutory structure in mind, we conclude and hold that the trial court did not abuse its discretion by not applying the parental presumption in this modification suit. Simply put, the parental presumption does not apply. *See In re M.N.G.*, 113 S.W.3d at 36. Thus, we overrule Mary's sole issue and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, MCCOY, and MEIER, JJ.

DELIVERED: April 15, 2010

6