Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-09-00640-CV

**IN THE INTEREST OF N.L.V.,** D.N.V., and G.R.V., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-04897
Honorable Gloria Saldana,[1] Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  May 4, 2011

AFFIRMED AS MODIFIED

Rosbel Valdez, Jr. appeals the trial court's order appointing himself and Meagan Valdez

as joint managing conservators of his three minor children.  We modify the judgment of the trial

court to delete a provision in the final order relating to the payment of college tuition.  As

modified, we affirm the judgment of the trial court.

## BACKGROUND

Rosbel and Angie Nieto Valdez divorced on August 10, 2006 in Bexar County.  In the

divorce decree, Rosbel and Angie were named joint managing conservators of their three minor

---

[1] The Honorable Gloria Saldana, presiding judge of the 224th Judicial District Court, Bexar County, Texas, signed
the judgment; however, the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar
County, Texas, presided over the bench trial.

daughters, N.L.V., D.N.V., and G.R.V.; Angie was awarded the exclusive right to determine the children's primary residence. The couple also had an older daughter, Meagan Valdez, who was about 22 years old at the time of the divorce. After the divorce, the minor children continued to reside with their mother and older sister Meagan in Natalia.

On March 17, 2008, Angie passed away after a battle with cancer. Ten days later, Meagan and her maternal aunt, Judy Nieto Perez, filed an Original Petition in Suit Affecting the Parent-Child Relationship, requesting that they be appointed joint managing conservators of the minor children along with Rosbel, and that they have the right to designate the primary residence of the children. While her sister was ill, Judy had moved into Angie's home to care for her and the girls.[2] Attached to the petition were the affidavits of Judy and Meagan, who both averred that eight days after Angie passed away, Rosbel had the girls forcibly and physically removed[3] from their house and taken to his home. They feared for the girls' well-being and safety given Rosbel's history of domestic violence with his ex-wife and his use of physical punishment and verbal abuse with his daughters. Judy also expressed concern over Rosbel leaving the girls with his girlfriend, Patricia Maroquin, and her teenage son.

Rosbel subsequently filed a motion to dismiss, arguing that Meagan's and Judy's petition failed to rebut the statutory parental presumption because they had not shown that an award of custody to the biological father would result in physical or emotional harm to the children. *See* TEX. FAM. CODE ANN. § 153.131 (West 2008). After a hearing on the motion, the Honorable Janet Littlejohn, presiding judge of the 150th Judicial District Court, Bexar County, Texas, granted the motion "solely as to the issue of conservatorship." Judge Littlejohn also signed

---

[2] At the time of their mother's death, N.L.V. was 16 years old, D.N.V. was 15 years old, and G.R.V. was 5 years old.

[3] Via a writ of habeas corpus.

temporary orders, allowing Judy and Meagan to have supervised visits at KIDS Exchange, and appointed an attorney ad litem for the children.

Thereafter, on May 7, 2008, the children's attorney ad litem filed a Cross-Petition in Suit Affecting the Parent-Child Relationship on behalf of the girls. The cross-petition alleged that the circumstances of the children and the parties had materially and substantially changed and that appointing Meagan as sole managing conservator and Rosbel as possessory conservator would be in the best interests of the children.

A bench trial was held in January 2009. At the outset, counsel for Rosbel argued the attorney ad litem's cross-petition was barred by res judicata due to the dismissal order signed by Judge Littlejohn, and requested that the court enforce the dismissal order. The ad litem responded that he was appointed after the dismissal order was signed, and that the children's right to request that their adult sister be appointed sole managing conservator was not barred by the dismissal order. Counsel for Judy and Meagan stated that her clients were proceeding on their request for visitation and access. The trial court ruled that the cross-petition filed by the ad litem "survives" because Rosbel's motion to dismiss did not request that all conservatorship requests or hearings be denied; instead, the motion sought to dismiss the original SAPCR filed by Judy and Meagan and to deny their request for a hearing. The trial court further found that the previous order of dismissal did not prevent the children from exercising their rights, including their right to file a cross-petition requesting appointment of Meagan as sole managing conservator.

The court heard testimony from Judy, Meagan, Rosbel, Maroquin, the girls' therapist, and the guardian ad litem who conducted a social study. The trial court also spoke with each of the three girls in chambers; the two older girls filed a "Preference of Child Twelve Years or

Older" indicating their preference to reside with Meagan and Judy. At the conclusion of the trial, the court ordered that Rosbel and Meagan be appointed joint managing conservators, with Meagan having the exclusive right to determine the girls' residence. The final SAPCR order, signed almost six months after the bench trial, included a provision stating that Meagan and Rosbel agree that Rosbel will pay $5,000 per semester per child to cover college tuition and expenses, so long as the child is admitted to college and maintains at least a "B" average.

## DISCUSSION

On appeal, Rosbel maintains the trial court abused its discretion in appointing Meagan as joint managing conservator because she is a non-parent and because she did not have live pleadings on file asking for such relief at the time of trial. Rosbel also challenges the order's requirement that he pay $5,000 in college tuition and expenses per semester per child.

### *Standard of Review*

Orders arising from a suit affecting the parent-child relationship will generally not be overturned on appeal unless the complaining party demonstrates a clear abuse of discretion by the trial court. *In re C.A.M.M.*, 243 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). An abuse of discretion occurs when a trial court acts arbitrarily, unreasonably, or without regard to guiding principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985); *see also Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court does not abuse its discretion if there is some evidence of substantive and probative character to support its decision. *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.).

*Conservatorship*

Rosbel contends that pursuant to section 153.131 of the Family Code, he should have been appointed sole managing conservator of his children because there was no evidence that such appointment would significantly impair the children's physical health or emotional development. The children's attorney ad litem responds[4] that because this action is a modification, not an original suit, the parental presumption is inapplicable. We agree. The parental presumption in Chapter 153 of the Texas Family Code applies only to original suits, and provides that unless the court finds appointment of a parent or parents would not be in the best interest of the child because it would significantly impair the child's physical health or emotional development, the trial court shall appoint a parent as sole managing conservator or both parents as joint managing conservators of the child. *See* TEX. FAM. CODE ANN. § 153.131 (West 2008); *In re V.L.K.*, 24 S.W.3d 338, 342-43 (Tex. 2000); *In re C.A.M.M.*, 243 S.W.3d at 215-16. Chapter 156 of the Texas Family Code, which pertains to modifications, contains no such presumption. Under Chapter 156, the petitioner need only demonstrate that modification would be in the children's best interests and that the circumstances have "materially and substantially changed" since the original custody order. *See* TEX. FAM. CODE ANN. § 156.101(a)(1) (West Supp. 2010). The distinction between the two statutory provisions is a matter of public policy, and the courts have recognized that a change in custody should not be ordered unless it is a positive improvement because of the child's need for stability. *See In re V.L.K.*, 24 S.W.3d at 343; *see also Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787, 790 (1955).

Relying on the Texas Supreme Court's decision in *In re V.L.K.* and the Family Code, this court has recently held that once a court makes an original custody determination, any subsequent actions are, per force, modification actions. *See In re Guardianship of C.E.M.-K.*, - -

---

[4] Meagan did not file an appellee's brief.

- S.W.3d - - -, No. 04-10-00385-CV, 2011 WL 534389, at *8 (Tex. App.—San Antonio Feb. 16, 2011, no pet. h.); *see also In re V.L.K.*, 24 S.W.3d at 342-43. This is so even though the party seeking the modification was not a party to the original custody proceeding, because the determination of whether the suit is original or a modification does not depend upon the parties' identities, but upon the circumstances and the relief sought. *In re Guardianship of C.E.M.-K.*, 2011 WL 534389, at *8 (citing *In re V.L.K.*, 24 S.W.3d at 342-43); *see also In re P.D.M.*, 117 S.W.3d 453, 457-58 (Tex. App.—Fort Worth 2003, pet. denied) (holding that, "once custody, even between two parents, is established by court order, the parental presumption does not apply to any subsequent custody proceeding regardless of the parties involved").

Here, a final divorce decree was signed in 2006 in which Rosbel and Angie were named joint managing conservators. In the face of this "original custody determination" as to conservatorship of the girls, the subsequent cross-petition filed by the attorney ad litem after Angie's death was necessarily a modification action. Although Rosbel does not challenge the attorney ad litem's standing, we note that the ad litem did have standing to file a modification. *See* TEX. FAM. CODE ANN. § 156.002(a) (West Supp. 2010) ("A party affected by an order may file a suit for modification in the court with continuing, exclusive jurisdiction."); *see also id*. § 107.003(1)(F) (West 2008) (listing powers and duties of attorney ad litem for child, including "participate in the conduct of the litigation to the same extent as an attorney for a party"); *id*. § 107.004(2) (West 2008) (describing additional duties of attorney ad litem for child, including the duty to represent the child's expressed objectives of representation and follow the child's expressed objectives of representation during the court of litigation). Given our determination that this is a modification, we hold this case is controlled by Chapter 156 of the Family Code. As such, we reject Rosbel's argument that the trial court abused its discretion in appointing

Meagan joint managing conservator with the exclusive right to determine the girls' primary residence solely on the basis that Meagan is a non-parent.

We further reject Rosbel's argument that the trial court abused its discretion in appointing Meagan joint managing conservator because Meagan did not have any live pleadings on file requesting such relief at the time of trial. Generally, a trial court may not grant relief to a person who has not requested such relief in a live pleading. *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding) (citing *In re Dukes*, No. 04-10-00257-CV, 2010 WL 1708251, at *2 (Tex. App.—San Antonio Apr. 28, 2010, orig. proceeding) (mem. op.); *see also* TEX. R. CIV. P. 301 ("[t]he judgment of the court shall conform to the pleadings"). This is so because pleadings must provide fair notice of the claims asserted and allow the opposing party to ascertain the nature and basic issues of the controversy. TEX. R. CIV. P. 45; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Here, however, the attorney ad litem did have live pleadings on file requesting the appointment of Meagan as sole managing conservator. Additionally, Meagan still had her pleadings on file, but acknowledged that because of Judge Littlejohn's dismissal of her original SAPCR as to the issue of conservatorship, she was proceeding to trial on the issues of possession and access. Thus, Rosbel had fair notice of the pleadings. Accordingly, the trial court did not abuse its discretion. Rosbel's first issue is overruled.

### Agreement to Pay College Tuition and Expenses

Next, Rosbel argues the trial court abused its discretion in including a provision in the final order providing that Rosbel and Meagan agreed that Rosbel would pay $5,000 per semester per child to cover college tuition and expenses, so long as the child is admitted to college and

maintains at least a "B" average.[5]  Rosbel argues that the issue of college support was neither agreed to nor litigated during trial.  We agree.

Although the Family Code prohibits court-ordered child support for children past the age of eighteen, TEX. FAM. CODE ANN. § 154.001(a)(1) (West 2008), the parties may enter into a written agreement containing provisions for support of the child, including variations from the child support guidelines.  TEX. FAM. CODE ANN. § 154.124(a) (West 2008).  The record before us, however, contains no evidence of a written agreement between Meagan and Rosbel concerning the payment of college tuition and expenses, nor does the transcript of the bench trial reflect that such an agreement was orally made on the record at trial.  *Cf.* TEX. R. CIV. P. 11; *Cantu v. Moore*, 90 S.W.3d 821, 824 (Tex. App.—San Antonio 2002, pet. denied) (noting the requirements for a Rule 11 agreement are satisfied "when the terms of the agreement [are] dictated before a certified shorthand reporter, and the record reflect[s] who [is] present, the terms of the settlement, and the parties' acknowledgement of the settlement").  Further, the final SAPCR order in the record before us is not signed by Rosbel or his attorney.  Accordingly, we must sustain Rosbel's second issue, and modify the final SAPCR order to delete the provision providing that Rosbel will pay $5,000 per semester to cover college tuition and expenses.

CONCLUSION

Based on the foregoing analysis, we modify the final SAPCR order to delete the provision providing that Rosbel will pay $5,000 per semester to cover college tuition and expenses.  In all other respects, the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

---

[5] The attorney ad litem does not respond to this issue on appeal.